[Sac. No. 4753. In Bank.—August 22, 1933.]

THE PEOPLE, Respondent, v. BORDERLAND EXPRESS et al., Appellants.

H. J. Bischoff for Appellants.

U. S. Webb, Attorney-General, and R. L. Chamberlain, Deputy Attorney-General, for Respondent.

THE COURT.—The state of California brought this action against defendant to recover license fees assessed under Statutes of 1925, chapter 412. After trial below, all questions were eliminated save the right of the state to collect the tax for the last quarter of 1926. The lower court held that the tax was proper.

Prior to November 2, 1926, the Statutes of 1925 imposed a license tax of four per cent of the gross receipts (with deductions for local licenses and taxes) on those operating motor vehicles over the public highways for hire, fixed on a quarterly basis. On November 2, 1926, the People adopted an amendment to article XIII, section 15, of the Constitution, changing the taxing rate to four and one-fourth per cent on carriage of passengers and five per cent on transportation of property, and relieving the carrier of municipal licenses and taxes. The new tax was annual, becoming a lien on the property on the first Monday in March of each year, the tax being computed for the previous year. The amendment contained the provision that "Such taxes shall be in lieu of all other taxes and licenses" upon the property of such companies. Defendant contends that the amendment is self-executing, and that it is not bound to pay the tax under the 1925 statute for the last two months of the last quarter of 1926, because the amendment went into effect during the quarter. Plaintiff's position is that defendant must pay the tax for this quarter under the language of the amendment reading: "Nothing herein contained shall affect any tax levied or assessed prior to the adoption of this section."

In our opinion the trial court correctly determined that the tax was proper. Defendant did business, under a license given in accordance with the act of 1925, during the last

quarter of 1926; and the tax was imposed upon it by said act. At the time of the adoption of the constitutional amendment, the tax under the previous law had been legally "levied", even though the administrative and procedural details of assessment and collection were to come later. Under the constitutional amendment, the tax was not levied or assessed until the first Monday in March, 1927. Consequently, if defendant is correct in its contention that the constitutional provision superseded the statute upon its adoption, the result will be an escape from all state taxes for about two months of the quarter in question. This would be contrary to the express terms of the constitutional amendment, quoted above, as well as the general declaration in article XIII, section 1, that all property should be taxed in proportion to its value. We are satisfied that the amendment neither in spirit nor in terms purports to relieve defendant of the tax for the period in question.

The judgment is affirmed.

Rehearing denied.