[Civ. No. 5160.  Third Appellate District.—June 19, 1934.]

THE PEOPLE, Respondent, v. WEBB BROTHERS, Appellants.

H. J. Bischoff for Appellants.

U. S. Webb, Attorney-General, and R. L. Chamberlain, Deputy Attorney-General, for Respondent.

PLUMMER, J.—This is an appeal by the defendants from a judgment awarding the plaintiff the sum of $971.52 license fees assessed against the defendants for the quarter ending 1926, under and in accordance with the provisions of chapter 412, Statutes of 1925, imposing a tax of four per cent upon the gross proceeds for the operation of motor vehicles upon the public highway.

On November 2, 1926, the people of the State of California amended article XIII of the Constitution by adding thereto section 15. This section imposes a license tax upon persons operating motor vehicles of the kind therein described, upon the public highways of the state. This section also contains a provision that nothing therein shall affect any taxes levied or assessed prior to the adoption of the section.

Notwithstanding the decision of the Supreme Court in the case of *People* v. *Borderland Express,* 218 Cal. 680 [24 Pac. (2d) 823], holding in a case the exact parallel of the one under consideration that the contention of the appellants is untenable, the argument is presented that under the holding had in the case of *San Francisco* v. *Pacific Telephone & Telegraph Co.,* 166 Cal. 244 [135 Pac. 971], judgment should have been entered in favor of the appellants, the contention being that the holding in the Borderland Express case is incorrect and not in consonance with the reasoning of the Supreme Court in the case of Pacific Telephone & Telegraph Company. A careful review of the two cases leads us to the conclusion that there is no conflict in the rules of law therein set forth.

In the case of Pacific Telephone & Telegraph Company, *supra,* the action involved a license tax for the first two quarters of the year 1911. Section 14 of article XIII of the Constitution involved in that action was adopted on November 8, 1910, and became effective as a part of the Constitution immediately upon its adoption, but its operative effect upon the license taxes involved began with the first day of January of the year 1911.

The second paragraph of subdivision "b" of section 15 of article XIII reads: "The taxes herein provided for shall become a lien upon the first Monday in March of each year after the adoption of this section, and shall become due and payable on the first Monday in July thereafter." ■ Thus, while it is a settled law that an amendment to the Constitution becomes effective as a part of the Constitution upon its adoption by the voters of the state, its operative effect upon the subject matter therein contained may begin at a later date. ■ This we think clearly appears to be the true consideration that should be given to the operation of section 15 of article XIII of the Constitution quoted above.

■ A considerable portion of the appellants' brief has been given to a discussion of the words "levied" and "assessed". However, these words we think must be construed according to the meaning contained in the context of the constitutional amendment. As so used they really refer to the report of the gross proceeds made by the owners or the operators of the vehicles, subject to the pro-

visions of the section, and then a mathematical calculation of the sum of money which the operators or owners are under obligations to pay. It is apparent that the words "levied" and "assessed" relate simply to the method of ascertaining the extent of the obligation, and not to the meaning of the words when used in connection with other transactions, such as the levying of an attachment or the assessing of real estate by assessors and the levying of a tax by boards of supervisors.

As we read the opinion in the case of *San Francisco* v. *Pacific Telephone & Telegraph Co.*, *supra*, had the license tax been due for the two quarters ending with December 31, 1910, instead of for the two quarters beginning with January 1, 1911, the decision would have been exactly the same as that in the case of *People* v. *Borderland Express*, *supra*. Under such circumstances this court, we think, is bound by the two decisions, and must hold that the judgment of the trial court should be affirmed. And it is so ordered.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 19, 1934, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 16, 1934.